**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 93-1339

GEORGE E. McGILL and
JOHN R. WEIBEL,

Plaintiffs-Counter-Defendants-
Appellants,

VERSUS

MYRON W. GOFF,

Defendant-Counter-Plaintiff-
Appellee.

Appeal from the United States District Court
for the Northern District of Texas

(March 16, 1994)

Before JONES and DeMOSS, Circuit Judges, and SCHWARTZ[1], District
Judge.

DeMOSS, Circuit Judge:

**BACKGROUND**

This case arises from the formation of a Texas joint venture
in June 1985, the purpose of which was to purchase for investment
a 51-acre tract of land in Dallas County, Texas. The co-managers
of the joint venture are Defendant-Appellee Myron Goff and Harold
Tollerup, a non-party to this action. Plaintiffs-Appellants George

---

[1]District Judge of the Eastern District of Louisiana,
sitting by designation.

McGill and John Weibel (collectively referred to as "Appellants") are two of the several investors in the joint venture.

On September 27, 1991, Appellants sued Goff for fraud and breach of fiduciary duty in relation to Goff's solicitation of their participation in the joint venture. Goff asserted a counterclaim for tortious interference with business relations.

On January 13, 1993, Goff moved for summary judgment, alleging that Appellants' claims lacked evidentiary support and that they were otherwise time-barred. Appellants moved to amend their complaint on February 8. The district court referred both parties' motions to a magistrate judge for proposed resolution.

On March 10, the magistrate judge entered his report, concluding that limitations barred Appellants' fraud claim and that there was no evidence of a fiduciary relationship between Goff and Appellants. He also concluded that granting Appellants' motion to amend would be futile in light of the bar posed by the statute of limitations.

On March 11, the district court adopted the magistrate judge's report and entered a "final judgment" dismissing Appellants' case. On March 19, the court entered an order granting Goff's voluntary dismissal of his counterclaim. Thereafter, on April 9, Appellants filed a timely notice of appeal.

DISCUSSION

**1. District Court's Adoption of the Magistrate Judge's Report**

Appellants first argue that the district court's hasty adoption of the magistrate judge's report precluded them from

2

filing objections to the magistrate judge's recommendations. This they claim violated Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1) and constituted reversible error. While we agree that the aforementioned rule and statute contemplate parties being given 10 days to object to any recommendation contained in a magistrate judge's report, and that the better practice for a district court is to refrain from acting on a magistrate judge's report until after the 10-day objection period, we do not agree that the court's abridgment of this rule requires automatic reversal. We conclude from the circumstances of this case that the error is harmless and has otherwise been waived.

First of all, Appellants cannot establish from the record that the district court did not in fact review the magistrate judge's report in accordance with the standards set forth in Rule 72. Thus, the cases relied upon by Appellants are inapposite and do not require reversal of the court's judgment.[2]

---

[2]In Hernandez v. Estelle, it was demonstrable from the record that the district court did not perform the required *de novo* review of the magistrate's proceedings because the transcript of the magistrate's three-day evidentiary hearing was not filed with the district court until over six months after the district court had entered its order based on the magistrate's report. 711 F.2d 619, 620 n.2 (5th Cir. 1983). The Sixth Circuit case of Hill v. Duriron Co. Inc. is materially similar to the Hernandez case in that the district court entered an order based on a magistrate's report before the transcript of the evidentiary hearing had been filed in the district court. 656 F.2d 1208, 1215 (6th Cir. 1981). Similarly, in Hill v. Jenkins, the court concluded that it was error for the district court to adopt "verbatim" the findings of fact and conclusions of law submitted by a party when it did not have before it either the other party's proposed findings and conclusions or the magistrate's findings and recommendations; thus, the court concluded that "the record in this case compels the conclusion that the district court did not conduct a *de novo* review of the proceedings held

3

Second, the mere fact that the court adopted the magistrate judge's report one day after its entry does not warrant the presumption that the court did so without review. The district court was charged with review of a rather short and simple motion for summary judgment and motion to amend; the evidence presented was brief and the legal issues uncomplicated. We are confident that the court could have reviewed and disposed of these matters within a day.

Third, Appellants have not cited, and we have not found, any case authority for the argument that the district court lacks the power to review the recommendations of a magistrate judge during the 10-day period allotted for objections, or without the benefit of any objections. Moreover, we find persuasive the following observations of the Supreme Court concerning the ultimate supervisory authority a district court exercises over cases it refers to a magistrate judge:

> The district judge has jurisdiction over the case at all times. He retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment. . . . [W]hile the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard. Indeed, in the present case, the District Judge made a *de novo* determination of the

before the magistrate." 603 F.2d 1256, 1258 (7th Cir. 1979). Finally, in <u>Coolidge v. Schooner California</u>, the Ninth Circuit reversed judgment because the record "clear[ly]" demonstrated that the district court performed no review of the magistrate's "opinion." 637 F.2d 1321, 1327 (9th Cir. 1981). Apparently the district court believed that the magistrate's "opinion" was final and that any objections to its "opinion" were to be entertained by the magistrate. <u>Id</u>.

4

petition despite petitioner's failure to suggest that the Magistrate erred. <u>Thomas v. Arn</u>, 474 U.S. 140, 154 (1985).

Fourth, we do not agree that in this instance a meaningful review of the magistrate judge's report could not be had in the absence of Appellants' objections to the magistrate judge's recommendations. With the benefit of both parties' written arguments to the magistrate judge, the district court was well able to conduct a satisfactory review of the pros and cons relating to Goff's motion for summary judgment and Appellants' motion to amend. This is especially true with regard to Goff's motion for summary judgment, which the district court and this Court review as a matter of law, according no deference to the magistrate judge's prior disposition of the summary judgment issues. <u>See</u> Fed. R. Civ. P. 72(b); <u>Walker v. Sears, Roebuck & Co.</u>, 853 F.2d 355, 358 (5th Cir. 1988). For this reason and those mentioned above, we conclude that Appellants were not prejudiced by the district court's procedural mistake to such a degree as to require reversal.

Moreover, the record demonstrates that Appellants had ample opportunity before the court's judgment became final to bring this error to the court's attention. The judgment did not become final until the district court entered an order dismissing Goff's counterclaim, Fed. R. Civ. P. 54(b) -- some nine days after it had adopted the magistrate judge's recommendations and dismissed Appellants' suit. During these nine days, Appellants could have raised an objection to the district court's precipitate adoption of the magistrate judge's recommendations by motion to reconsider or

5

otherwise.[3]  Having failed to do so, Appellants seek correction of this purely ministerial error for the first time on appeal.  We hold that Appellants have waived the right to complain on appeal of any error associated with the district court's adoption procedure.

Appellants' remaining points of error concern the merits of the district court's granting of Goff's motion for summary judgment and denial of Appellants' motion to amend.  Preliminarily, Goff argues that Appellants waived the right to review of the magistrate judge's recommendations by failing to file objections.  Appellants respond by pointing out that the magistrate judge's report did not inform them of the ten-day objection period or of the possible adverse effect of their failure to file timely objections, as required in Nettles v. Wainwright. 677 F.2d 404, 408 (5th Cir. 1982)(en banc).

We need not address Nettles or the degree to which Appellants were or should have been aware of the 10-day objection period since we have already concluded that the district court's faulty adoption procedure precluded Appellants from filing objections to the

_____

[3]We do not premise Appellants' waiver on their failure to file a post-judgment motion under Rule 59 or Rule 60.  The period critical to Appellants' waiver is the nine days after the court's adoption of the magistrate's recommendations and before its dismissal of Goff's counterclaim.  During this period, no final judgment had been entered, and the court's adoption and dismissal order was subject to the court's plenary revision. Fed. R. Civ. P. 54(b).

6

magistrate judge's recommendations. We hold that under these circumstances Appellants are entitled to appellate review of the district court's judgment.[4]

## 2. Goff's Motion for Summary Judgment

Having reviewed the parties' evidence, we are of the opinion that the district court's judgment granting Goff's motion for summary judgment must be affirmed. The statute of limitations on Appellants' fraud claims is four years from the date Appellants discovered or in the exercise of reasonable diligence could have discovered Goff's alleged fraud. Jackson v. Speer, 974 F.2d 676, 679 (5th Cir. 1992). Appellants filed suit on September 27, 1991. Goff's summary judgment evidence indisputably establishes that Appellants were aware of the falsity of Goff's alleged representations in the summer of 1985.

Weibel alleges that in May or June of 1985, he and his wife were approached by Goff and offered the opportunity to invest in a piece of real property in the Dallas, Texas area. According to

---

[4]Certain language in Appellants' brief could be read as an argument that Nettles in some way precludes our holding that Appellants waived the right to complain about the district court's adoption procedure by failing to complain at the trial court level. If Appellants are making this argument, we reject it. The sole issue before the court in Nettles was whether an appellant had waived the right to object on appeal to findings in a magistrate's report by failing to object at the trial court. 677 F.2d at 406-7. The court held that he had, provided the magistrate informed him of his right to file objections to the report. Id. at 410. Nettles has absolutely nothing to do with a party's waiver of the right to complain on appeal about the procedures utilized by the district court in adopting a magistrate's report. Nettles speaks only to the waiver of objections to *a magistrate's findings* while our holding concerns the waiver of "objections" to *a district court's adoption procedure*.

Weibel, they agreed to invest in the joint venture "based upon representations by Goff that the property would be resold quickly, that the investment would yield a substantial profit to the investors, and that Goff would buy out their investment upon request." (Emphasis added)  McGill alleges that in late June or early July 1985, Tollerup solicited his participation in the joint venture.[5]  According to McGill, Tollerup represented that "the property would be resold quickly [,] that the investment would yield a substantial profit to its investors[, and] that Tollerup and/or Goff would buy out McGill's interest upon request." (Emphasis added)  Appellants testified that they understood "quickly" to mean within a year of their investment.

After investing in the deal, Appellants in August 1985 received and executed a copy of the joint venture agreement.  The terms of the agreement are so contrary to Appellants' alleged understanding of the deal that upon review of the document, Appellants would have been put on notice of Goff's alleged fraud.[6]

_____

[5]McGill's investment in the joint venture appears to have been solicited exclusively through his contacts with Tollerup. As an alternate ground for summary judgment, Goff argues that there is no evidence to support the existence of an agency relationship between Tollerup and himself.  For the purposes of our limitations discussion we will assume without deciding that Tollerup's alleged representations were made with Goff's authorization.

[6]The agreement states that "[a]lthough there is no contractual obligation to do so, the Joint Venturers desire to sell the Venture Property within five (5) years from the date of this agreement."  The agreement also expresses several "purpose[s]" of the joint venture, among them, "to own, manage, improve, subdivide, develop, mortgage, lease . . . and otherwise deal with the Venture property."  Article III of the agreement establishes the "term" of the venture; conspicuously absent from

8

Moreover, at the expiration of the year following their investment, Appellants' interest had not been bought out. Weibel testified that Goff's failure to buy out his investment was the reason he was pursuing the instant litigation. Weibel's wife testified that she was "disappointed" by July of 1986 because Goff had not "ke[pt] his word" and had "lied to [her]" by not buying out their interest within a year. Finally, McGill testified that he had asked Tollerup to buy out his interest as early as 1986 and that when Tollerup failed to do so, he considered Tollerup to have breached his promise. On the strength of this evidence, we hold that Appellants' fraud claims are barred by limitations.

We also hold that Appellants' claims for breach of fiduciary duty similarly barred. An action for the breach of fiduciary duty is subject to the four-year statute of limitations, Spangler v. Jones, 797 S.W.2d 125, 132 (Tex. App.--Dallas 1990, writ denied), as well as the discovery rule. El Paso Assoc. v. J.R. Thurman & Co., 786 S.W.2d 17, 20 (Tex. App.--El Paso 1990, no writ); Wakefield v. Bevly, 704 S.W.2d 339 (Tex. App.--Corpus Christi 1985, no writ).

Appellants' allege that Goff breached his duties as a fiduciary by failing to disclose that he profited from the sale to the joint venture of the real estate that became the joint venture

---

this provision is any definite limitation on the venture's duration. Rather, the venture is to continue until either the venture property is sold (and there is no obligation concerning when that will be) or a "majority [of investors] (in interest, not numbers)" agree to terminate the venture. Between them, Appellants owned only an 8¾ percent interest in the joint venture.

property. However, the "REPRESENTATIONS AND WARRANTIES OF JOINT VENTURERS" section in the joint venture agreement clearly provides that "[e]ach joint venturer hereby warrants and represents: . . . (j) [t]hat he realizes that a profit is being made by Myron Goff on the sale of the Venture Property to the Joint Venture." It is undisputed that Appellants were provided a copy of the agreement to execute and return in August of 1985. Appellants's breach of fiduciary duty claims are therefore barred and the district court's grant of summary judgment is affirmed.

### 3. Appellants' Motion to Amend

By their third motion to amend, Appellants seek to add new parties and new claims to this litigation.[7] While concluding that Goff would not be unduly prejudiced by Appellants' amended complaint, the magistrate judge nevertheless concluded that allowing the amendments would be futile in light of the limitations bar. Finding no clear error with the magistrate judge's proposed disposition, the district court entered an order adopting the magistrate judge's recommendation and denying Appellants' motion to amend. We affirm the district court's order.

Appellants' amended complaint adds Tollerup and the joint venture as defendants. It also includes new claims for statutory fraud, violations of the Texas Deceptive Trade Practices Act,

---

[7]Their first motion to amend was "unfiled" by the district court because it had not been filed in compliance with the local rules for the Northern District of Texas. Their second motion to amend was untimely filed and later withdrawn by Appellants' third motion to amend which was itself untimely and filed over three weeks after Goff filed his motion for summary judgment.

breach of warranty, and breach of contract. The complaint also requests that any judgment which the joint venture may have or may recover against Appellants for their breach of the joint venture agreement be set off against Appellants' anticipated recoveries in this suit.

The allegations against Tollerup and the joint venture stem from the same misrepresentations and non-disclosures alleged in Appellants' original complaint. Moreover, the claims Appellants seek to add are predicated on the same alleged misrepresentations and non-disclosures of which this court has already determined Appellants were or in the exercise of reasonable diligence could have been aware in August 1985 and the fall of 1986. We hold, therefore, that allowing Appellants' proposed amendments would be futile in light of the relevant limitation periods, and that the district court did not abuse its discretion in denying Appellant's motion to amend.

## CONCLUSION

The judgment of the district court is AFFIRMED in all respects.

11