UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40344
Summary Calendar
_____

ANTHONY ANTONIO WHITEHURST

                                        Plaintiff-Appellant,

                        versus

BEAUMONT POLICE DEPARTMENT; BEAUMONT POLICE SWAT DIVISION;
BEAUMONT POLICE NARCOTIC DIVISION; JEFFERSON COUNTY SHERIFF
DEPARTMENT; JEFFERSON COUNTY SWAT DIVISION; JEFFERSON COUNTY
NARCOTIC DIVISION; CARL GRIFFITH, Sheriff; ROBERT HOBBS,
Commander; JIMMY SINGLETARY, Commander; ROY BIRDSONG; BART OWENS;
RON HOBBS; CHRIS PADGET; CHUCK ASHWORTH; BILL GATES;
DAVID FROMAN; JERRY LACHANCE; JEFF CHADNEY; TOM H. SMITH;
CLARA RIVERS; CRIMINAL JUSTICE DEPARTMENT OF PARDONS &
PAROLES BOARD; BOB OWENS, Director; CHERYL LIGHT; DIANE
CORONA; TRACY BENNET; BRANDY MORGAN; MELISSA UNDERHILL; A
SECREST; CRIMINAL JUSTICE DEPARTMENT OF PARDONS & PAROLES
BOARD, Beaumont; TOM SCOFFIELD, Chief of Police; ERNIE HERON,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(1:95-CV-787)
_____
August 4, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Appellant Anthony Whitehurst contests the district

court's dismissal of his civil rights complaint against the

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Beaumont Police Department and officers, Jefferson County Sheriff and other county officials, Texas Criminal Justice Board of Pardons & Paroles and its officers as frivolous pursuant to 28 U.S.C. § 1915. Finding no reversible error, we affirm.

Whitehurst is currently incarcerated in federal prison on a ten-year term after pleading guilty to drug trafficking charges. His girlfriend Beverly Joseph, with whom he lived at the 1795 Glasshouse residence in Beaumont, is serving a longer term. The events covered by Whitehurst's petition allege harassment and a "conspiracy" by and among the named officials for, among other things, illegal trespass, illegal search and seizure, and filing and dropping various criminal and probation revocation charges. Where Whitehurst's personal claims begin and those of Beverly Joseph end is not at all clear from the complaint; as the two are not married, Whitehurst had no standing to raise claims of Beverly Joseph.

The magistrate judge issued Whitehurst an order to show cause why his case should not be dismissed as frivolous. Summary judgment motions were filed by the defendants, Whitehurst responded voluminously, and the magistrate judge recommended dismissing his claims as frivolous. The district judge, in an opinion issued three months later, adopted the recommendations and findings of the magistrate judge, and noting that no objections had been filed to the magistrate judge's report, dismissed the case as frivolous.

On appeal, Whitehurst's initial brief contests only the alleged failure of the district clerk to send him a copy of the

magistrate judge report, so that he could file objections. The record suggests that Whitehurst was mailed a copy of the magistrate judge's recommendation, but for present purposes, we shall assume Whitehurst's complaint that he did not receive it is correct. Nevertheless, his failure to receive a copy of the report in time to file objections is not necessarily reversible error. See McGill v. Goff, 17 F.3d 729, 732 (5th Cir. 1994). As we held in McGill, the district court was able to conduct a thorough review of the magistrate judge's decision by looking at the file already in existence. Whitehurst had been warned that his case might be dismissed as frivolous and he had thoroughly litigated it up to the point of the magistrate judge's report. Finally, this court is fully able to review Whitehurst's contentions based on the district court record and Whitehurst's briefs. Whitehurst has not been prejudiced if he failed to receive the magistrate judge's report.

Turning to the merits of the case, Whitehurst's allegations of a "conspiracy" among all of the affected public agencies are too vague and unspecific to merit attention. Insofar as his claims relate to the March 12, 1993 execution of a search warrant, the lower courts had ample ground to accept the defendants' claims for qualified immunity. The appellees' summary judgment evidence explained the exigencies of the search, which were determined by the fact that Beverly Joseph had been receiving advance notification of attempted police investigations by an officer of the Beaumont Police Department, who was also selling her the police department's confiscated cocaine.

3

As for the January 15, 1993 "trespassing" at the same residence, Whitehurst did not own the residence and cannot assert such a claim.[1]  Whitehurst also asserts that on this and other occasions, various appellees used racial slurs in addressing him and Joseph, but mere words are not actionable.

Whitehurst appears to be making claims loosely described as malicious prosecution against various authorities, but he has not alleged all of the elements necessary for such claims. Finally, to the extent that Joseph seeks to use any of his alleged causes of action to impugn his federal conviction, those claims are barred by Heck v. Humphrey, 114 S.Ct. 2364 (1994).

In sum, Whitehurst's complaint was properly dismissed as frivolous.  We agree with the district court's warning that sanctions should be imposed if Whitehurst pursues further frivolous litigation.

AFFIRMED.

---

[1]Moreover, on January 15, no one entered Joseph's residence; the police officers demanded entry and she refused it without a search warrant.