United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 7, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-40040
Summary Calendar

_____

RICHARD C. RODRIGUEZ,

Petitioner-Appellant,

versus

PERCY H. PITZER, Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(1:98-CV-1937)

_____

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Richard C. Rodriguez, federal prisoner #64931-080, appeals, *pro se,* the denial of his 28 U.S.C. § 2241 petition seeking, *inter alia*, *nunc pro tunc* designation by the Bureau of Prisons (BOP) of state prison having been his place of confinement for the first five years of his federal sentence. That federal sentence was based on his conviction of drug possession with intent to distribute; he was sentenced to 14 years' imprisonment. A state

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court subsequently revoked his parole for a prior burglary offense, and Rodriguez spent five years in state prison. Upon his parole to federal detention, the BOP did not compute his federal sentence as including those five years spent in state prison.

Rodriguez first contends the district court erred in denying his request for an extension of time in which to object to the magistrate judge's report, which he allegedly never received. That decision is reviewed for abuse of discretion. *E.g.*, **Midland West Corp. v. Federal Deposit Ins. Corp.**, 911 F.2d 1141, 1145 (5th Cir. 1990). Any error in denying the petition without first affording Rodriguez the ability to object to the magistrate judge's report was harmless; the district court was able to engage in a meaningful review absent Rodriguez's objections, because none of Rodriguez's habeas claims "arose from a factual dispute and the district [court] could assess the merits of the petition from its face". *See* **Braxton v. Estelle**, 641 F.2d 392, 397 (5th Cir. 1981) (internal quotations and citation omitted); *see also* **McGill v. Goff**, 17 F.3d 729, 732 (5th Cir. 1994), *overruled on other grounds by*, **Kansa Reins. Co. v. Congressional Mortgage Co.**, 20 F.3d 1362, 1373-74 (5th Cir. 1994).

On the merits, Rodriguez contends the BOP abused its discretion in refusing to designate, *nunc pro tunc*, the state prison as the first place of confinement for his federal sentence, based on 18 U.S.C. § 3584(a)(If defendant "already subject to an

2

undischarged term of imprisonment ... [m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently"). We review the district court's ruling *de novo*. *See **Douglass v. United Servs. Auto. Ass'n***, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Rodriguez's federal sentence provided no evidence that the sentencing (district) court intended that it be served concurrently with his pending state sentence. Because Rodriguez's presentence investigation report identified the pending state charges, we can assume that the sentencing court was aware of Rodriguez's pending state proceeding. Moreover, the BOP fulfilled its obligation pursuant to **Barden v. Keohane**, 921 F.2d 476, 483 (3d Cir. 1991) to consider Rodriguez' request for a *nunc pro tunc* designation — it submitted Rodriguez' request to the sentencing court which, in response, submitted nothing to show an intent for the sentences to run concurrently.

Given the absence of such intent, the BOP was well within its discretion to deny Rodriguez's request for a *nunc pro tunc* designation. *See* 18 U.S.C. § 3584(a)-(b); 18 U.S.C. § 3621(b); BOP Program Statement 5160.03 ¶¶ 5-7.

*AFFIRMED*

3