United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40731
Conference Calendar
_____

LARRY NICHOLS,

                                        Plaintiff-Appellant,

versus

TRACI KENNER; GREGG MARCHESSAULT, Assistant U.S. Attorney,
Tyler Division; JAMES A. HERSLEY, Special Agent, FBI,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:03-CV-132
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Larry Nichols appeals the denial of his mandamus petition,
in which he sought an order compelling U.S. Attorney Matthew
Orwig to investigate the alleged misconduct of the defendants
relative to the prosecution of Alan Petty.  He argues that his
due process rights were violated when the magistrate judge issued
his recommendation prior to the expiration of the period afforded
Nichols to oppose the defendants' motion to dismiss and,

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

additionally, that the district court purposely misconstrued the relief he sought in order to favor the defendants.

Nichols is correct that the magistrate judge issued his recommendation prior to the expiration of the 15-day period afforded Nichols to oppose the defendants' motion to dismiss, see E.D. TEX. R. CV-7(e); nevertheless, the district court afforded Nichols's opposition de novo review before judgment was rendered, and we therefore hold his due process argument meritless.  Cf. McGill v. Goff, 17 F.3d 729, 731 (5th Cir. 1994), overruled on other grounds, Kansa Reinsurance Co. v. Congressional Mortgage Corp. of Texas, 20 F.3d 1362, 1373-74 (5th Cir. 1994).

We further hold that the district court's liberal construction of Nichols's pro se petition as requesting an order compelling the defendants to undertake criminal prosecutions was reasonable.  See, e.g., Castro Romero v. Becken, 256 F.3d 349, 354 n.2 (5th Cir. 2001).  Moreover, Nichols has failed to brief the issue that served as the basis for the district court's decision, i.e., that he lacked standing to bring the instant mandamus petition.  He has therefore waived its review and, consequently, has not demonstrated an entitlement to relief. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

This appeal is without arguable merit and is therefore dismissed as frivolous.  Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

APPEAL DISMISSED.