# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 29, 2007

Charles R. Fulbruge III
Clerk

No. 07-40204
Summary Calendar

FARREL PAYNE

Plaintiff-Appellant

v.

ABBAS KHOSHDEL, Doctor; NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:06-CV-148

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Farrel Payne, Texas prisoner # 324893, appeals the district court's dismissal with prejudice, and as frivolous, of his civil rights complaint. Subsequent to filing his brief in this court, Payne, who is appearing pro se, also filed a request to supplement the record on appeal with additional documents, including copies of two prison grievance forms filed after the district court had

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rendered its decision. The court has construed Payne's filing as a motion to supplement the record on appeal.

Payne argues that he was in transit and did not receive the magistrate judge's report and recommendation until after the district judge adopted it and entered judgment. The record does indicate that the district court entered its judgment prior to the deadline allotted Payne for filing objections to the magistrate judge's report. This court will therefore apply a de novo standard of review to this case. See McGill v. Goff, 17 F.3d 729, 732-33 (5th Cir. 1994).

Payne's brief, like his motion to supplement the record, is poorly drafted and often illegible. He has failed to set forth coherent arguments identifying errors in the district court's determinations and conclusions. Moreover, he has failed to provide a clear argument, including relevant citations to the record, that shows deliberate indifference to his medical needs or denial of access to the courts. Nor has Payne shown that he fully exhausted his administrative remedies where required.

Although pro se briefs are liberally construed, even pro se litigants must brief arguments to preserve them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). When an appellant fails to identify error in the district court's decision, it is as if the appellant had not appealed that judgment, and this court "will not raise and discuss legal issues that [Payne] has failed to assert." Brinkman v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Similarly, the failure to provide any legal or factual analysis of an issue on appeal waives that issue. Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 260 n.9 (5th Cir. 1995).

In viewing the record as a whole, Payne has failed to make a showing of reversible error by the district court.

The district court in this proceeding determined that Payne's claims were frivolous. Because Payne has failed to raise an issue of arguable merit in this court, this appeal is also dismissed as frivolous. See Howard v. King, 707 F.2d

215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  Payne is warned that the dismissal of this appeal as frivolous, and the district court's dismissal of his complaint as frivolous, count as two strikes under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Payne is cautioned that if he accumulates three strikes under § 1915(g), he will be unable to proceed in forma pauperis (IFP) in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  Payne is also warned that further frivolous appeals will result in the imposition of other sanctions, including monetary penalties and restrictions on his ability to seek relief in this court or in a district court.

Payne's motion to supplement the record is denied.

ALL OUTSTANDING MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.