# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 10, 2010

No. 09-11062
Summary Calendar

Lyle W. Cayce
Clerk

SHERRI R. LOWE,

Plaintiff–Appellant,

v.

WELLCARE HEALTH PLANS INC.; IRVING GILBERT,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-806

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Sherri R. Lowe filed a complaint against Wellcare Health Plans, Inc. and Irving Gilbert seeking to recover money allegedly due her for services rendered as a supplemental insurance salesperson. Upon the magistrate judge's (MJ) recommendation, the district court dismissed the complaint. The district court denied Lowe leave to proceed in forma pauperis (IFP) after certifying that her appeal was not taken in good faith. Lowe has challenged that certification by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

moving this court for leave to proceed IFP on appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Lowe maintains that her complaint should not have been dismissed without service upon the defendants. Further, she asserts that, once she was granted IFP status in the district court, she was entitled to a trial and the appointment of counsel. Lowe is incorrect. A district court may dismiss an IFP complaint "at any time" if it is determined that the action is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(e)(2).

A review of the record in this case reveals that the MJ acted within his authority when he screened Lowe's case, denied the appointment of counsel, and made recommendations regarding the case. *See* 28 U.S.C. § 636(b)(1)(A), (B). However, it was the district court that dismissed Lowe's complaint. Lowe argues that she never received a copy of the MJ's report and recommendation. We accept this argument as true for the purposes of this appeal and conclude that any such error is harmless as Lowe has not shown any prejudice from the lack of receipt of that report. *See McGill v. Goff*, 17 F.3d 729, 731-32 (5th Cir. 1994); *Braxton v. Estelle*, 641 F.2d 392, 397 (5th Cir. 1981).

Lowe also maintains that because she was allowed to proceed IFP in the district court she should not require authorization to proceed IFP on appeal. Such authorization is required, however, because the district court certified that her appeal was not taken in good faith. FED. R. APP. P. 24(a)(3)(A).

Lowe has not shown that she will raise a nonfrivolous issue on appeal. The instant appeal is without arguable merit and is thus frivolous. Accordingly, Lowe's IFP motion is DENIED. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Her appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.