# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 4, 2013

No. 11-30209
Summary Calendar

Lyle W. Cayce
Clerk

SEAN C. WALKER,

Plaintiff-Appellant

v.

JEFFREY TRAVIS, Warden, Rayburn Correctional Center; BESSIE CARTER, Director of Nursing at B.B. Sixty Rayburn Correctional Center; LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, Secretary,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-4361

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Sean C. Walker, Louisiana prisoner # 126912, appeals the dismissal of a 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e), 1915A, and 42 U.S.C. § 1997e(e). The complaint alleged that the defendants were deliberately indifferent to his medical needs and to his safety and that they failed to protect Walker from his cellmate, who attacked Walker as he entered their cell wearing restraints.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, Walker argues that the district court's judgment is defective because it does not dismiss his claims against two defendants. He further argues that the district court erred in denying his motion for extension of time to file objections to the magistrate judge's report and recommendation. Finally, Walker argues that the district court erred in denying his motion for a default judgment against Bessie Carter.

Walker does not challenge the district court's dismissal of his claims against Jeffrey Travis, Carter, and James LeBlanc (the Secretary of the Louisiana Department of Public Safety and Corrections) on the merits. Because Walker has failed to brief the dismissal of these claims, they are deemed abandoned. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *see also Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Walker complains that the district court erred by denying the motion for extension of time to file objections to the magistrate judge's report and recommendation. Even if the district court erred by denying the motion, any error was harmless because (1) the district court conducted a *de novo* review of Walker's case, (2) Walker did not address the dismissal of his claims on the merits or indicate what objections he would have raised, and (3) the district court was able to assess the merits of the case from the face of the motion. *See McGill v. Goff*, 17 F.3d 729, 731-32 (5th Cir. 1994), *overruled on other grounds by Kansa Reinsurance Co. v. Congressional Mortg. Co.*, 20 F.3d 1362, 1373-74 (5th Cir. 1994); *see also Braxton v. Estelle*, 641 F.2d 392, 397 (5th Cir. 1981).

Walker has not shown that the district court abused its discretion in denying his motion for default judgment against Carter. *See Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Walker has provided no reason for being granted a default judgment other than Carter's failure to timely file an answer, and a default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quotation omitted).

Finally, the dismissal of the complaint in this case counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Walker is cautioned that if he accumulates three strikes under § 1915(g), he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.