# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40512
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2016

Lyle W. Cayce
Clerk

JOSE MARIA VILLATORO-AVILA,

Petitioner-Appellant

v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CV-397

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

In 1999, following his conviction for an aggravated felony, Petitioner-Appellant Jose Maria Villatoro-Avila was ordered removed to El Salvador pursuant to the Immigration and Nationality Act. Villatoro-Avila did not appeal the removal order to the Board of Immigration Appeals (BIA). Fourteen years later, he filed a 28 U.S.C. § 2241 petition collaterally challenging his 1999 removal proceedings on grounds of ineffective assistance of counsel and denial

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40512

of a fair trial.  Citing the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, the district court dismissed the petition for want of jurisdiction, and Villatoro-Avila appealed.  Reviewing the district court's ruling de novo, we affirm.  *See Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011); FED. R. CIV. P. 12(b)(1).

The REAL ID Act immediately and retroactively "divested federal courts of jurisdiction over § 2241 petitions attacking removal orders[.]"  *Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005); *see generally* 8 U.S.C. § 1252(a)(2).  Rather, the "sole and exclusive means" of seeking judicial review of a removal order is through a petition for review directed to the appropriate court of appeals.  *Ramirez-Molina v. Ziglar*, 436 F.3d 508, 511 (5th Cir. 2006); § 1252(a)(5).[1]  Accordingly, the district court properly dismissed Villatoro-Avila's § 2241 petition for lack of jurisdiction.  *See Rosales*, 426 F.3d at 736.

Villatoro-Avila also contends that the district court erred by dismissing his § 2241 petition without considering his timely objections to the magistrate judge's report and recommendation.  He fails, however, to show that the district court's omission prejudiced him.  *See McGill v. Goff*, 17 F.3d 729, 731-32 (5th Cir. 1994), *overruled on unrelated grounds*, *Kansa Reins. Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1373-74 (5th Cir. 1994); *Rodriguez v. Pitzer*, 76 F. App'x 519, 520 (5th Cir. 2003).  Accordingly, any error by the district court in failing to consider Villatoro-Avila's objections prior to dismissing his § 2241 petition was harmless.  *See McGill*, 17 F.3d at 732.

The judgment of the district court is AFFIRMED.

---

[1] The sole exception to the prohibition against review of removal orders under § 2241, pertaining to aliens seeking asylum upon arrival at a United States port of entry, does not apply in this case.  *See* § 1252(a)(2)(A); 8 U.S.C. § 1225(b)(1).