# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11057
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SHABBAR RAFIQ,

Defendant

MUHAMMED RAFIQ, individually, doing business as ZR Builders, L.L.C.; doing business as Tana Corporation,

Claimant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-243-3

Before JONES, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11057

Muhammed Rafiq (Muhammed) appeals the dismissal of three third-party forfeiture claims and the denial of his Federal Rule of Civil Procedure 60(b) motion challenging the dismissal of the forfeiture claims. Muhammed also argues that the district court erred by failing to rule on his request for the appointment of counsel, and he moves this court for leave to proceed in forma pauperis (IFP) on appeal.

To proceed IFP, Muhammed must show that his appeal presents a nonfrivolous issue. *See* 28 U.S.C. § 1915(a)(1); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). The motion "must be directed solely to the trial court's reasons for the certification decision." *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into the litigant's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

The Government is incorrect that Muhammed's notice of appeal was untimely, *see* FED. R. APP. P. 4(a)(1)(B), but correct that because he indicated in the notice of appeal that he was appealing only the order denying his Rule 60(b) motion, that the order is the only order before this court on appeal, and that we lack jurisdiction to review any additional orders. *See Pope v. MCI Telecomms. Corp.*, 937 F.2d 258, 266 (5th Cir. 1991); *see also C.A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir. 1981).

In the Rule 60(b) motion, Muhammed argued solely that the district court should consider his untimely objections to the magistrate judge's report because the report was mailed to the wrong address, thus delaying his receipt of the report and constituting excusable neglect. As the district court found, the report was mailed to the address provided by Muhammed, and he relied on a third-party to mail the objections, which Muhammed does not dispute were

No. 17-11057

untimely. "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). In addition, he cannot establish any prejudice in connection with the district court's failure to consider his objections. *See McGill v. Goff,* 17 F.3d 729, 731-32 (5th Cir. 1994), *overruled on unrelated grounds, Kansas Reins. Co. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1373-74 (5th Cir. 1994). Accordingly, Muhammed has not established that the district court erred by denying his Rule 60(b) motion. *See Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203 (5th Cir. 1993).

Likewise, Muhammed has not shown exceptional circumstances warranting the appointment of counsel; accordingly, he cannot show that the district court erred by failing to appoint counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). Because the appeal does not raise a nonfrivolous issue, Muhammed's motion to proceed IFP is denied, and his appeal is dismissed as frivolous. *See Howard*, 707 F.2d at 220; *see also Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; MOTION FOR THE APPOINTMENT OF COUNSEL AND MOTION TO STAY FORFEITURE PROCEEDINGS DENIED.