# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40216
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2020

Lyle W. Cayce
Clerk

CHRISTOPHER DARNELL LEWIS,

> Petitioner - Appellant

v.

WARDEN FCC BEAUMONT,

> Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:18-CV-285

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Christopher Darnell Lewis, federal prisoner # 11958-062 and appearing *pro se*, challenges the denial of his 28 U.S.C. § 2241 petition, in which he requested, *inter alia*, the Bureau of Prisons (BOP) designate, *nunc pro tunc*, state prison as his first place of confinement for his federal sentence of, *inter alia*, 180-months' imprisonment for Hobbs Act robbery, in violation of 18 U.S.C. § 1951. Lewis contends the district court committed reversible error in

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

failing: to rule independently on the merits of his petition; and to determine his federal sentence should have been served first because it was imposed first.

Lewis was arrested by state authorities on 29 February 2012 for failing to appear in two state-criminal matters. He was transferred to federal authorities on 19 March 2012, pursuant to a writ of habeas corpus ad prosequendum. After receiving his federal sentence on 23 April 2013, he was returned to state authorities; the federal judgment was filed as a detainer.

Lewis then pleaded guilty in state court to second-degree burglary and was sentenced to, *inter alia*, 10-years' imprisonment on 30 April 2013. The state court ordered the sentence to "run concurrently" with Lewis' federal sentence. Lewis also received one-year sentences in three other state criminal proceedings. Those sentences were ordered to run concurrently with each other and with the 10-year sentence for second-degree burglary.

Prior to his release from state custody in 2017, Lewis requested that his federal sentence be served concurrently with his state sentence, which would require that the BOP designate the state institution *nunc pro tunc* as the place for service of his federal sentence. Accordingly, the BOP contacted the sentencing federal court to determine its position on a retroactive designation. In its correspondence to the court, the BOP explained that, "[i]f, after 60 days, a response has not been received from the [c]ourt, the [BOP] will complete its review and make a decision regarding this case".

The sentencing court did not provide a response; therefore, after reviewing Lewis' case and considering the relevant factors in 18 U.S.C. § 3621(b) (listing factors for consideration in designating place of prisoner's imprisonment), the BOP determined that a retroactive concurrent designation was not appropriate. The BOP informed Lewis of its decision on 31 December 2015.

No. 19-40216

Lewis completed his state sentence on 24 February 2017 and was transferred to federal custody to begin serving his 180-month sentence. Thereafter, on 13 June 2018, Lewis filed a petition under 28 U.S.C. § 2241, challenging the BOP's denial of his request for *nunc pro tunc* designation. In it, he contended he should receive credit toward his federal sentence for the time he spent in state custody, consistent with the state court's judgment ordering that his state sentence for second-degree burglary "run concurrently" with his federal sentence.

Challenges regarding "the extent to which [a] sentence has been executed", as opposed to "the legality of [a] conviction or the validity of [a] federal prison term imposed", are cognizable "under 28 U.S.C. § 2241". *United States v. Gabor*, 905 F.2d 76, 77–78 (5th Cir. 1990) (citation omitted). "Under § 2241, we review the district court's findings of fact for clear error and conclusions of law *de novo*." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003).

Upon Lewis' filing his § 2241 petition, the matter was referred to a magistrate judge (MJ), who issued a report recommending the petition be denied. The MJ concluded the BOP had acted within its discretion in refusing Lewis' request for *nunc pro tunc* designation, given: the state court's order for concurrent sentencing was not binding on the BOP; the sentencing federal district court's judgment did not specify whether Lewis' federal sentence would run consecutively or concurrently with his state sentence for second-degree burglary; and the federal sentencing court did not communicate to the BOP it intended Lewis' federal sentence to run concurrently with his state sentence.

After stating that no objections had been filed, the district court adopted the MJ's report and denied Lewis' § 2241 petition. This appeal followed.

No. 19-40216

"Where a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating *nunc pro tunc* the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (emphasis added) (citations omitted). In making its determination, the BOP fulfills its obligation to consider petitioner's request by submitting the request to the [federal] sentencing court, which may communicate any intent for the sentence to run either concurrently or consecutively to any state sentence imposed, and, thereafter, considering the relevant 18 U.S.C. § 3621(b) statutory factors. *See* 18 U.S.C. § 3621(b); *Hunter v. Tamez*, 622 F.3d 427, 429 & n.2 (5th Cir. 2010) (citations omitted); *see also Rodriguez v. Pitzer*, 76 F. App'x 519, 520 (5th Cir. 2003) (citations omitted).

As discussed, when Lewis' federal sentence was imposed in 2013, he was under primary jurisdiction of state authorities in Oklahoma. After pleading guilty to Hobbs Act robbery in federal court, Lewis was returned to state authorities. He then pleaded guilty in state court to second-degree burglary and was sentenced to 10-years' imprisonment, which the state court ordered to "run concurrently" with Lewis' federal sentence. Lewis then began serving his state sentence in state custody.

Prior to his release from state custody in 2017, Lewis requested that his federal sentence be served concurrently with his state sentence, which would require that the BOP designate the state institution *nunc pro tunc* as the place for service of his federal sentence. Although the BOP contacted the federal sentencing court to determine its position on a retroactive designation in Lewis' case, the sentencing court did not respond. Thereafter, in reviewing Lewis' case and considering the relevant 18 U.S.C. § 3621(b) factors, the BOP determined a retroactive, concurrent designation was not appropriate.

No. 19-40216

Lewis first contends:  the sentencing court's "non-response" to the BOP's inquiry is insufficient to support the BOP's denial of his request for *nunc pro tunc* designation; and the district court, therefore, erred in relying on the sentencing court's "non-response" in denying his 18 U.S.C. § 2241 petition without "independently rul[ing] on the merits of the case".  This contention lacks merit.

As an initial matter, Lewis cites no authority requiring the district court to "independently rule on the merits of [his] case".  In any event, although the district court considered the sentencing court's "non-response" to the BOP, it also undertook a full analysis of Lewis' 18 U.S.C. § 2241 petition.

In considering Lewis' petition, the district court explained that "the time [Lewis] spent in custody from his arrest by state authorities until the date he was taken into federal custody [in 2017] was credited toward his state sentence[]".  The court determined he was, therefore, "not entitled to have the time credited toward his federal sentence" under 18 U.S.C. § 3585(b) (stating "defendant *shall* be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence" (emphasis added)).  Additionally, the court acknowledged 18 U.S.C. § 3584(a)'s presumption that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the federal court orders that the terms are to run concurrently".  Further, the court acknowledged that "[t]he decision . . . whether to grant . . . a [retroactive] designation is within the discretion of the BOP"; and, as stated, the BOP considered Lewis' request in the light of the 18 U.S.C. § 3621(b) factors before exercising its discretion in denying it.

Lewis also contends the district court failed to consider his assertion that his federal sentence should have been served first because, when in 2012 he

was transferred from the state to federal authorities for conviction and imposition of his federal sentence in 2013, he had not yet been convicted on the state charge and was not serving a state sentence. Contrary to Lewis' contention, the district court considered this claim but determined it was without merit given our court's decision in *Causey v. Civiletti*, 621 F.2d 691, 693–94 (5th Cir. 1980), where our court rejected the "first in time, first to serve" claim that Lewis now makes on appeal.

AFFIRMED.