IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-31078
Summary Calendar
_____

CLEVELAND DUCOTE,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 95-CV-859
- - - - - - - - - -
August 13, 1998

Before WISDOM, DUHE', and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Cleveland Ducote appeals the district court's dismissal of his action pursuant to 42 U.S.C. § 405(g) seeking review of the denial of his application for a period of disability, disability insurance benefits, and supplemental security income. Ducote argues that the Administrative Law Judge ("ALJ") erred in failing to find that his spinal compression fracture met one of the impairments listed in Appendix 1 of the Regulations, specifically the impairment listed in § 1.05(b)(1). Ducote has not

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

demonstrated that his impairment meets the requirements of that section.  See 20 C.F.R., Subpart P, Appendix 1, Part A § 1.05; see also Sullivan v. Zebley, 493 U.S. 521, 530 (1990).

Ducote next argues that the ALJ erred in failing to find he was disabled by chronic back pain.  The ALJ determined that Ducote's subjective complaints of pain were not borne out by the medical evidence in the record.  See Harper v. Sullivan, 887 F.2d 92, 96 (5th Cir. 1989).  The ALJ's assessment of Ducote's subjective complaints of pain is therefore supported by substantial evidence.  See Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992).  Moreover, the ALJ did not err in relying on Ducote's demeanor in assessing the credibility of his complaints of pain.  Villa v. Sullivan, 895 F.2d 1019, 1024 (5th Cir. 1990).

The ALJ likewise did not err in relying exclusively on the medical-vocational guidelines contained in § 201.24 of Appendix 2, Subpart P, Regulation No. 4 in reaching his decision that Ducote was not disabled.  See Selders v. Sullivan, 914 F.2d 614, 618 (5th Cir. 1990).  Thus, because the ALJ's conclusion is supported by the substantial evidence and resulted from the application of proper legal standards, the district court's decision to deny review and to dismiss Ducote's complaint is affirmed.  See Bowling v. Shalala, 37 F.3d 431, 434 (5th Cir. 1994).

AFFIRMED.