IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60116
Summary Calendar
_____

CHARLIE EARL RILEY,

Plaintiff-Appellant,

versus

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:97-CV-415-GR
- - - - - - - - - -

December 27, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Charlie Riley appeals the affirmance of the Commissioner's denial of his application for disability insurance benefits under 42 U.S.C. § 405. He argues (1) that the district court erred in finding a lack of substantial evidence that he was disabled after June 8, 1995, (2) that the Administrative Law Judge (ALJ) erred in not crediting his testimony regarding his chronic pain, (3) that the ALJ erred in failing to require testimony from a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

vocational expert, and (4) that the ALJ erred in finding that he could perform sedentary work.

To prove disability resulting from pain, an individual must establish a medically determinable impairment that is capable of producing disabling pain. Once a medical impairment is established, the subjective complaints of pain must be considered along with the medical evidence in determining work capacity. See Ripley v. Chater, 67 F.3d 552, 556 (5th Cir. 1995); Harper v. Sullivan, 887 F.2d 92, 96 (5th Cir. 1989). The ALJ found, on the basis of the medical evidence, that Riley's complaints of pain after June 8, 1995, were credible only insofar as the pain limited him to sedentary work. Ripley has failed to demonstrate error in this finding.

The use of a vocational expert is discretionary. See 20 C.F.R. § 404.1566(e). The substantial medical and other evidence supports the Commissioner's conclusion that Riley's impairments did not significantly circumscribe his ability to do sedentary work after June 8, 1995.

AFFIRMED.