## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

### No. 99-50550
### Summary Calendar

_____

DOUGLAS M. GOTT,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-97-CV-1414-EP)

_____

February 1, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Douglas M. Gott appeals the affirmance of the Commissioner's denial of his application for disability insurance benefits under 42 U.S.C. § 405. He contends that the administrative law judge (ALJ) erred by *not* having a medical expert present, by misstating the evidence, by failing to give proper weight to the opinions of treating sources, in his credibility assessment, and in assessing his residual functional capacity (RFC); and that the decision of the Commissioner was *not* supported by substantial evidence and was based on erroneous legal standards.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"To prove disability resulting from pain, an individual must establish a medically determinable impairment that is capable of producing disabling pain. Once a medical impairment is established, the subjective complaints of pain must be considered along with the medical evidence in determining the individual's work capacity." *Ripley v. Chater*, 67 F.3d 552, 556 (5th Cir. 1995); *see also Harper v. Sullivan*, 887 F.2d 92, 96 (5th Cir. 1989). On the basis of the medical evidence, the ALJ found that, although Gott's injuries and pain were severe, he was *not* barred from performing many types of light-duty work and a full range of sedentary work. Gott has failed to demonstrate error in this finding. The substantial medical and other evidence supports the Commissioner's conclusion that Gott's impairments did *not* significantly circumscribe his ability to do light-duty to sedentary work from the time of his injury in 1986 to the end of his insured status on March 31, 1993.

Gott also contends that the record is incomplete because he sought to add new evidence through a summary-judgment motion. This evidence consisted of 1997 physical examination results. Remand to the Commissioner for consideration of additional evidence may be done "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding". 42 U.S.C. § 405(g); *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994). Materiality incorporates a time element, requiring the new evidence to relate to the time for which benefits were denied. *Latham*, 36

2

F.3d at 483.  Remand *cannot* be based on new evidence of a subsequent deterioration of what was previously correctly held to be a nondisabling condition.  ***Johnson v. Heckler***, 767 F.2d 180, 183 (5th Cir. 1985).  Gott has *not* shown that the 1997 evidence of new back injuries relates back to the time of his insured status, which ended in March 1993.  The district court did not err in denying Gott's motion for summary judgment.

***AFFIRMED***