IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60681
Summary Calendar
_____


DOROTHY A. MAYS,

                                        Plaintiff-Appellant,

versus

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:98-CV-210-D-A
--------------------
September 1, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        Dorothy A. Mays appeals from the district court's judgment affirming the denial of her application for Supplemental Security Income (SSI).  We affirm.

        Mays argues that the Administrative Law Judge (ALJ) erred in disbelieving her testimony about her conditions and her complaints of pain.  The ALJ's decision as to the credibility of a claimant's limitations and whether her pain was disabling is entitled to considerable deference.  See  Wren v. Sullivan, 925 F.2d 123, 128 (5th Cir. 1991).  Based on a thorough review of the

        [*] Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

record, including Mays' testimony, the ALJ determined that she retained the ability to perform medium work limited by moderate pain and moderate depression, both controlled with medication. The record shows that the ALJ adequately considered the evidence of Mays' complaints of pain and that the ALJ's conclusions were supported by substantial evidence in the record.

Mays also argues that the ALJ erred by relying on the Medical-Vocational Guidelines (grids) found at 20 C.F.R. Pt. 404, Subpt. P, App. 2 (1999). This argument is frivolous. The ALJ did not use the grids and found that Mays was capable of performing past relevant work. See Harper v. Sullivan, 887 F.2d 92, 97 (5th Cir. 1989) (the grids are applied only when it is found that the claimant is incapable of performing past relevant work).

May argues that the Commissioner's decision denying benefits is not supported by substantial evidence because it is undisputed that she had a severe, disabling condition. The ALJ found that her moderate depression and the moderate pain in her arm and hand were controlled by medication. A medical impairment that reasonably can be remedied or controlled by medication is not disabling. See Johnson v. Bowen, 864 F.2d 340, 348 (5th Cir. 1988). Mays failed to meet her burden of showing that she was unable to return to her past relevant work.

Mays also asserts that this case should be remanded pursuant to 42 U.S.C. § 405(g) for consideration of new evidence which she contends would have changed the Commissioner's decision. She argues that a July 1998 letter stating her diagnosis and the September 1998 grant of benefits by the Commissioner warrants remand. This evidence

which shows, at best, a deterioration of a previously non-disabling condition, does not warrant remand for further administrative consideration.  See Johnson v. Heckler, 767 F.2d 180, 183 (5th Cir. 1985).

AFFIRMED.