United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 28, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

_____

No. 03-30650
Summary Calendar

_____

HAROLD YOUNCE,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from United States District Court
for the Eastern District of Louisiana
USDC No. 02-CV-806-C

_____

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Harold Younce appeals from the decision of the district court affirming the Commission of Social Security's denial of benefits. Younce contends that the district court erred by considering the Commissioner's untimely objections to the magistrate's report and recommendation. He argues, for the first time on appeal, that his case should be remanded for the Commissioner to consider evidence not contained in the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

administrative record.  He argues that the Administrative Law Judge (ALJ) failed to give due weight to his subjective complaints of pain and that the ALJ improperly relied on the testimony of the vocational expert (VE) at the administrative hearing on Younce's claim.

Younce argues that the district court erred by considering the Commissioner's objections to the magistrate's report and recommendation because those objections were filed untimely by two days.  This argument underestimates the plenary nature of a district court's supervisory authority over its magistrate judges.  While it is true that section 101 of the Federal Magistrates Act, 28 U.S.C. § 636, does not require the judge to review an issue *de novo* when no objections are filed, "it does not preclude further review by the district judge, *sua sponte*, or at the request of a party, under a *de novo* or any other standard."  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *see also Delgado v. Bowen*, 782 F.2d 79 (7th Cir. 1985); WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 3070.1.  Thus, the district court was free to reject the magistrate's report and recommendation in absence of the filing of objections.  Younce therefore has no basis to complain of the district court's rejection of the report and recommendation even though objections were untimely by two days.  Moreover, if Younce felt aggrieved by the district court's acceptance of objections filed two days

2

late, his proper course was to file a motion to strike, a motion for an extension of time to file a counter written objection, or a motion for reconsideration.

Younce argues that his case should be remanded for consideration of new evidence under 42 U.S.C. §405(g). However, Younce did not argue in the district court that his case should be remanded for consideration of new evidence. This court should not consider a contention raised for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

The ALJ sufficiently articulated his reasons for not fully crediting Younce's subjective complaints of pain, *see Falco v. Shalala*, 27 F.3d 160, 163-64 (5th Cir. 1994), and the ALJ's determination is supported by substantial evidence in the record. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Harper v. Sullivan*, 887 F.2d 92, 96 (5th Cir. 1989). Finally, the weight given to the VE's testimony was a matter left to the ALJ. This court will not reweigh the evidence. *See Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992).

For the above reasons, the decision of the district court is AFFIRMED.