# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-30534

RENODE COLLINS

Plaintiff - Appellant

v.

RICHARD L STALDER, Secretary of Corrections; BURL CAIN, Warden;
LOUISIANA STATE PENITENTIARY; CURLY ALFRED, Correctional
Officer at Louisiana State Penitentiary; HEALTH CARE PROVIDER # 71; B
JOHNSON; HEALTH CARE PROVIDER # 17; HEALTH CARE PROVIDER
# 66; JOHN DOE, Doctor

Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CV-163

Before REAVLEY, WIENER, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

*Pro se* Plaintiff-Appellant Renode Collins is an inmate at the Louisiana
State Penitentiary at Angola ("Angola"). In February 2006, Collins brought this
suit against a number of Angola officials and employees ("Defendants") pursuant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to 42 U.S.C. § 1983, claiming that prison officials disregarded medical restrictions limiting the type of work he could do. The case took a series of procedural twists and turns until April 2008 when the magistrate judge ("MJ") determined that the suit should be dismissed because Collins had not exhausted the available administrative remedies before filing suit. When the MJ filed her recommendation with the district court, the court failed to notify Collins. As a result, he did not file objections within the requisite ten-day window. After that window closed, the district court adopted the MJ's findings and dismissed the suit. Collins timely filed a notice of appeal. We reverse and remand for further proceedings.

## I. FACTS AND PROCEEDINGS

The incident giving rise to Collins's suit occurred in March 2005, following which he properly filed a Step One grievance pursuant to prison procedure. Almost a year later, in February 2006, Collins filed suit in the district court for the Middle District of Louisiana while his grievances were still under consideration and therefore unexhausted.[1] Within a few months, this suit was dismissed without prejudice because Collins had failed to describe the steps he had taken to exhaust his administrative remedies, then failed to respond to the district court's notice that he must do so. On October 3, 2006, Collins's Step Two grievance was denied, concluding the administrative proceedings and satisfying his exhaustion requirement. In June 2007, Collins's suit was reinstated following his successful appeal.[2] Defendants filed their answer in December

---

[1] An inmate may not bring a § 1983 action regarding prison conditions without previously exhausting available administrative remedies. 42 U.S.C. § 1997e(a).

[2] We determined that Collins's failure to respond to the district court's notice that he must include details about his pursuit of administrative remedies was not contumacious and

2007.

Defendants then moved for summary judgment on the basis of Collins's purported failure to pursue administrative remedies. The MJ agreed, and recommended that the district court dismiss the suit. Notified by mail of the MJ's recommendation (the "First Recommendation"), Collins filed objections during the statutory ten-day response period,[3] asserting that indeed he had sought administrative remedy through the prison grievance procedure. On the basis of Collins's objection, the district court rejected the MJ's First Recommendation and returned the case to the MJ for further proceedings. The MJ then filed a supplemental recommendation (the "Second Recommendation") suggesting that Defendants be granted summary judgment because Collins's suit had been filed *before* he exhausted his administrative remedies. The district court failed to notify Collins of the MJ's Second Recommendation, however, so — unsurprisingly — Collins filed no objections during the ten-day window. The district court adopted the MJ's Second Recommendation and granted summary judgment to Defendants. Only then did Collins receive a notice by mail that the district court had dismissed his case. Collins timely filed this appeal.

## II. ANALYSIS

The gravamen of Collins's appeal is that the district court erred in dismissing his suit without affording him the opportunity to object to the MJ's Second Recommendation. We agree.

---

may have resulted from his not having received that notice. *Collins v. Stalder*, 236 F. App'x 29, 30-31 (5th Cir. 2007) (summary calendar) (citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

[3] 28 U.S.C. § 636(b).

## A. Standard of Review

We review a grant of summary judgment *de novo*.[4]  In doing so, we review the district court's legal conclusions *de novo*, but its factual conclusions only for clear error.[5]  As Collins is appearing *pro se*, we construe his brief liberally.[6]

## B. Magistrate Judge's Recommendation

It is beyond dispute that when an MJ files a recommendation to the district court on a matter dispositive to the proceedings, the district court must notify the parties that they have ten days within which to file objections to the MJ's report.[7]  Notification of the parties is mandatory.[8]

At Angola, legal mail to prisoners is logged in by addressee, date, and sender.  Collins has submitted a copy of this log for the period in question.  It shows that no legal mail was received by Collins from the district court between April 9, 2008 (the date of the MJ's recommendation) and May 6, 2008 (the date Collins received the district court's ruling).[9]  We presume that there were no irregularities in the prison's mailroom procedures that month — and Defendants allege none.  We therefore conclude that the MJ's Second Recommendation was never sent to Collins.

---

[4] *Goodrum v. Quarterman*, 547 F.3d 249, 255 (5th Cir. 2008); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

[5] *Goodrum*, 547 F.3d at 255.

[6] *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

[7] 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b).

[8] *Douglass*, 79 F.3d at 1428-29, 1430; *see also Nettles v. Wainright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass*, 79 F.3d at 1428 n.15.

[9] On May 7, 2008, the district court entered a revised order to correct a typographical error.  Judgment was entered on May 12.

Not having been notified by the court of the MJ's Second Recommendation, Collins had no opportunity to object to the MJ's findings and recommendations. Indeed, he was apparently unaware that the proceedings had been conducted and completed until he was informed that the district court had granted summary judgment against him. Given the presence of some confusion in the case law as to whether harmless-error review is required when the court fails to notify a party,[10] we pretermit such an analysis here and instead hold that, on the facts of this case, the district court's failure to notify Collins of the MJ's Second Recommendation and the ten-day period for filing objections was "harmful" *per se*.[11] That decision was rendered on grounds that Collins had not

---

[10] *See, e.g.*, *McGill v. Goff*, 17 F.3d 729, 731 (5th Cir. 1994), *overruled on other grounds by Kansa Reinsurance Co. Ltd. v. Congressional Mortgage Corp. of Tex.*, 20 F.3d 1362 (5th Cir. 1994); *see also Johnson v. Johnson*, 194 F.3d 1309, at *1 (5th Cir. 1999) (summary calendar) (harmless error analysis required); *Braxton v. Estelle*, 641 F.2d 392, 397 (5th Cir. Apr. 3, 1981); *but see Nettles*, 677 F.2d at 410 (holding that "no limitation of the right to appeal . . . and no limitation of the scope of appeal . . . shall result unless the magistrate informs the parties that objections must be filed within ten days after the service of a copy of the magistrate's report is made upon them.").

[11] Had he been afforded the opportunity to object to the MJ's Second Recommendation, Collins would have been able to point out that, even if his suit was initially premature, by April 2008 when the MJ made her determination, he was in full compliance with the statutory requirements and had been for eighteen months. To then dismiss solely on the ground that the very fact of Collins's premature filing was fatal to his claim — *even after* he had satisfied the § 1997e exhaustion requirement — would not only facilitate and encourage gamesmanship by defendants, who could wait until an inmate's statute of limitations has run before moving for dismissal, but would also contravene our practice of dismissing premature filings without prejudice to permit a plaintiff to exhaust. *See, e.g.*, *Clifford v. Gibbs*, 298 F.3d 328, 331-32 (5th Cir. 2002); *Wright v. Hollingsworth*, 260 F.3d 357, 358 n.2, 359 (5th Cir. 2001).

Furthermore, Collins's case had been dismissed and then reinstated — for which Collins paid a second filing fee — *after* he had exhausted his administrative remedies. Moreover, that prior dismissal, which was without prejudice, was entered because of Collins's failure to note whether he had exhausted his administrative remedies and to give him an opportunity to do so, if in fact he had not already.

been afforded an opportunity to rebut. Indeed, his successful rebuttal of a very similar argument in his objection to the First Recommendation, *supra*, would have indicated that the particular issue had been resolved (in his favor).[12]

## C. Change of Venue

Collins also requests a change of venue to avoid future errors, noting that he has twice had to pay filing fees because of the district court's error and our reversal at an earlier stage in this proceeding. We reject Collins's request for a change of venue,[13] but instruct the district court to waive any further filing fees or charges associated with the reinstatement of Collins's lawsuit as a result of this appeal.

## III. CONCLUSION

We REVERSE the district court's dismissal of Collins's action and REMAND this case to that court for further proceedings consistent with this opinion.

---

[12] Defendants raise a number of additional defenses in their brief, but we do not take them up so that, on remand, the district court may consider them in the first instance. *See, e.g.*, *Long v. McCotter*, 792 F.2d 1338, 1345 (5th Cir. 1986).

[13] Venue in this case is proper in the Middle District of Louisiana, in which Angola is located. *See* 28 U.S.C. § 1391(b).