# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20563

United States Court of Appeals
Fifth Circuit

**FILED**
April 10, 2015

Lyle W. Cayce
Clerk

LINDA RAMIREZ,

　　　　Plaintiff – Appellant,

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL
SECURITY,

　　　　Defendant – Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-3607

Before STEWART, Chief Judge, and KING and ELROD, Circuit Judges.

PER CURIAM:*

　　　The Commissioner of Social Security ("Commissioner") denied Linda Ramirez disability benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 423, and Ramirez challenged the denial in district court. The district court affirmed the Commissioner's denial, a decision that Ramirez appeals. We reverse the judgment of the district court and remand the case

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20563

with instructions that it be remanded to the Commissioner for further proceedings consistent with this opinion.

## I.

On May 17, 2011, Ramirez applied for disability insurance benefits and supplemental security income, alleging a disability onset date of April 15, 2011, due to degenerative joint disease, status post arthroscopy of the right knee with medial and lateral meniscectomy, chondroplasty of medial and lateral condyle, partial synorectomy, degenerative disc disease, diabetes mellitus, obesity, sleep apnea, asthma, and depression. Following the Commissioner's initial denial of Ramirez's claims, an administrative law judge ("ALJ") held a hearing on June 29, 2012, at Ramirez's request. ROA. 74–100. Ramirez appeared at the hearing and testified with the assistance of an attorney. Herman Litt, a vocational expert ("VE"), was also present and testified as an expert witness.

On August 24, 2012, the ALJ rendered a decision unfavorable to Ramirez, finding that she was not disabled within the meaning of the Act and was not entitled to the requested benefits. The ALJ first found that Ramirez had not engaged in substantial gainful activity since April 15, 2011. Next, the ALJ determined that Ramirez suffered from the following severe impairments: degenerative joint disease, status post arthroscopy of the right knee with medial and lateral meniscectomy, chondroplasty of medial and lateral condyle, partial synorectomy, diabetes mellitus, and obesity. The ALJ found, however, that these impairments, either singly or in combination, were not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, 20 C.F.R. § 404.

The ALJ then determined that Ramirez retained the residual functional capacity ("RFC") to perform sedentary work as defined by 20 C.F.R. §§ 404.1567(a) and 416.967(a) (able to lift up to ten pounds, sit, and occasionally walk and stand). The ALJ found that Ramirez could perform unskilled work

No. 14-20563

and could occasionally kneel, stoop, crouch, crawl, and climb stairs and ramps, but she could not climb ladders, ropes, or scaffolds.  In making these findings, the ALJ stated that she gave "little weight" to the opinions of the two non-examining state agency medical consultants because "other medical opinions are more consistent with the record as a whole."  By contrast, the ALJ gave "some weight" to the opinions of Ramirez's treating physicians because "the evidence shows the claimant is capable of sedentary work . . . and the opinions are mostly consistent with the evidence of record."  The ALJ further found that Ramirez's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with" the ALJ's RFC assessment, noting that at the hearing Ramirez testified she was able to "care for her children, prepare simple meals, drive, shop, watch television, read, and pay bills."

Based upon her RFC assessment, the ALJ concluded that Ramirez was unable to perform any of her past relevant work.  Relying upon her RFC assessment and the vocational expert's testimony, and considering Ramirez's age, educational background, and work experience, the ALJ determined that Ramirez could perform other available work as an optical goods worker, a jewelry preparer, and a sorter.  Therefore, the ALJ found that Ramirez was not disabled and was not entitled to the benefits that she had requested.

After the Appeals Council denied Ramirez's request for review, she filed her complaint in the district court, seeking review of the final administrative decision pursuant to 42 U.S.C. § 405(g).  The parties filed cross motions for summary judgment.  The district court granted the Commissioner's motion and denied Ramirez's motion, entering judgment against Ramirez and declaring that she take nothing.  Ramirez timely noticed this appeal.

No. 14-20563

## II.

We review *de novo* the district court's grant of summary judgment, applying the same standard that the district court applied. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). Our review of the Commissioner's decision, like the district court's review, is limited under 42 U.S.C. § 405(g) to two inquiries: (1) whether substantial evidence of record supports the decision; and (2) whether the decision comports with proper legal standards. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). "Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). As a result, this court "cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). A finding of no substantial evidence is warranted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988) (internal quotation marks and citation omitted).

## III.

A claimant is "disabled" as defined in the Social Security Act if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner uses a sequential, five-step approach to determine whether a claimant is so

4

disabled.[1]  The burden of proof is on the claimant at the first four steps. *Leggett*, 67 F.3d at 564.  The burden of proof shifts to the Commissioner at the fifth step to establish the existence of other available substantial gainful employment that a claimant can perform.  *Fraga v. Bowen*, 810 F.2d 1296, 1301–02 (5th Cir. 1987).  If the Commissioner identifies such employment, the burden shifts back to the claimant to prove that she could not perform the alternative work identified.  *Id.* at 1302.  Throughout the process, the ultimate burden of establishing disability remains with the claimant.  *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983).

Under regulations promulgated by the Commissioner, a claimant is able to perform sedentary work—the classification assigned to the least physically demanding form of employment—if she can sit and lift up to ten pounds at a time, although occasional walking and standing may be required.  20 C.F.R. §§ 404.1567(a) and 416.967(a).  Social Security Ruling 83–10 elaborates on this definition of "sedentary work," providing that "standing or walking should generally total no more than about 2 hours of an 8–hour workday, and sitting should generally total approximately 6 hours of an 8–hour workday."  SSR 83–10; *see also* 20 C.F.R. § 402.35(b)(2) (with exceptions not applicable in this case, Social Security Rulings "are binding on all components of the Social Security Administration"); *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001) ("The Social Security Administration's rulings are not binding on this court, but they may be consulted when the statute at issue provides little guidance.  The Fifth

---

[1] The steps include: (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

No. 14-20563

Circuit has frequently relied upon the rulings in evaluating ALJ's decisions." (internal citations omitted)).[2]

Even so, Social Security Ruling 96–9p clarifies that the inability to exactly fulfill these requirements does not automatically result in a determination that the claimant is disabled—it merely means that the claimant is unable to perform the full range of sedentary occupations. SSR 96–9p. Only when the claimant's ability to perform "the full range of sedentary work is *significantly eroded*" will a finding of disabled usually apply, as certain sedentary jobs may have less demanding requirements than others. *Id.* (emphasis added). For example, if an individual is able to stand and walk for a total of only a few minutes per workday, her occupational base will be significantly eroded and a disability finding will likely be appropriate. *Id.* Conversely, a claimant may not be disabled if she is able to stand and walk for slightly less than two hours per workday. *Id.* Likewise, the fact that a claimant must periodically alternate between sitting and standing or walking will not automatically require a disability finding, especially where the need can be accommodated by scheduled breaks and a lunch period. *Id.*

## IV.

Ramirez asserts two points of error in the district court's determination that substantial evidence supports the final administrative decision that she was not disabled within the meaning of the Act. Ramirez argues that the ALJ failed to properly assess her credibility. Ramirez also argues that in determining her RFC, the ALJ either failed to give sufficient weight to the opinions of her treating physicians or misunderstood the definition of sedentary work. We address these arguments in turn.

---

[2] The parties do not contest in this appeal the validity of any particular Social Security Ruling, and for purposes of this appeal, we assume without deciding that the Rulings cited in this opinion represent proper interpretations of the Social Security Act.

No. 14-20563

**A.**

Ramirez contends that the ALJ erred when she discounted Ramirez's "statements concerning the intensity, persistence and limiting effects of [her] symptoms." In choosing not to credit these subjective complaints, the ALJ catalogued medical evidence and portions of Ramirez's testimony that suggested her symptoms were not as severe as she had asserted. The ALJ noted that after her initial knee injury, Ramirez did not seek treatment and her symptoms improved. In February 2011, x-rays of Ramirez's knees were "unremarkable," although an MRI two months later showed a ligament tear. In September 2011, Ramirez underwent knee surgery to repair the ligament tear, and her symptoms improved; according to post-operative treatment notes, Ramirez "only had minimal swelling, improved range of motion, no crepitus or grinding, no significant pain, and she was doing much better." In June 2011, Ramirez's diabetes was improving, and by January 2012, her "diabetic control [was] much better." The ALJ observed that at the hearing, Ramirez testified she stopped taking medication for her diabetes in May 2012, and her treating physician said she had a fair to good prognosis. Finally, the ALJ noted that Ramirez testified at the hearing that she could care for her children, cook simple meals, drive, and shop, among other activities.

Ramirez argues that the ALJ discounted her subjective complaints solely based on her activities of daily living and that this was insufficient. This argument begins with a flawed premise. As we have described above, in making her credibility determination, the ALJ did not simply rely on Ramirez's activities of daily living—she also relied extensively on Ramirez's medical records, which generally reflected improvement of her symptoms over time. We accord "great deference" to an ALJ's assessment of a claimant's credibility. *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). The ALJ "is entitled to determine the credibility of medical experts as well as lay witnesses and weigh

No. 14-20563

their opinions accordingly." *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985). As we have often noted, it is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. *See, e.g., Brown*, 192 F.3d at 496. This court "cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision." *Leggett*, 67 F.3d at 564. A finding of no substantial evidence is warranted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Johnson*, 864 F.2d at 343–44 (internal quotation marks and citation omitted).

Here, the ALJ carefully weighed Ramirez's subjective complaints against contrary medical evidence and Ramirez's testimony regarding her daily activities. Therefore, in choosing to discount Ramirez's subjective complaints, the ALJ applied correct legal standards and made a permissible choice based on substantial evidence.

**B.**

Ramirez also argues that in making her RFC determination, the ALJ either failed to give sufficient weight to the opinions of her treating physicians or misunderstood the definition of sedentary work. We agree. It is well-settled that although the "opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability," such evidence is not conclusive; rather, the ALJ bears "the sole responsibility for determining the claimant's disability status." *Greenspan*, 38 F.3d at 237 (internal quotation marks and citations omitted). As this court has explained:

> [W]hen good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony. The good cause exceptions we have recognized include disregarding statements that are brief and conclusory, not supported by medically

8

acceptable clinical laboratory diagnostic techniques, or otherwise
unsupported by the evidence. *Scott* [*v. Heckler*, 770 F.2d 482, 485
(5th Cir. 1985)]. In sum, the ALJ "is entitled to determine the
credibility of medical experts as well as lay witnesses and weigh
their opinions accordingly." *Id.*; *see also* 20 C.F.R. § 404.1527(c)(2)
("If any of the evidence in your case record, including any medical
opinion(s), is inconsistent with other evidence or is internally
inconsistent, we will weigh all the other evidence and see whether
we can decide whether you are disabled based on the evidence we
have.").

*Greenspan*, 38 F.3d at 237; *see also* 20 C.F.R. § 404.1527(d) (stating that in weighing medical opinions, the ALJ should consider the examining relationship, the treatment relationship, supportability, consistency with the record, and specialization).

As noted above, Social Security Rulings provide that as the term is used in 20 C.F.R. §§ 404.1567(a) and 416.967(a), "sedentary work" generally requires about six hours of sitting and no more than about two hours of standing or walking per workday. SSR 83–10; SSR 96–9p. The ALJ found that Ramirez has the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), and she did not find that Ramirez's ability to perform the full range of sedentary work was eroded. In making this RFC finding, the ALJ stated that she gave "some weight" to the opinions of Ramirez's treating physicians. However, none of Ramirez's treating physicians ever opined that Ramirez could sit for six hours per workday. On December 30, 2011, and again on April 12, 2012, Dr. David Navid—Ramirez's orthopedic surgeon—opined that Ramirez could sit for a maximum of four hours per workday but could not stand or walk at all. Dr. Navid also opined that Ramirez could lift and carry weight for two hours per workday. In May 2012, two other treating physicians offered opinions on Ramirez's medical conditions and ability to work. Dr. Pamela Nguyen, Ramirez's family practitioner, opined that

Ramirez could sit for only two hours and stand or walk for only one hour per eight-hour workday and she would require unscheduled breaks, but Ramirez could occasionally lift and carry up to ten pounds. Dr. Nguyen expected that Ramirez's impairments would last for at least twelve months; however, she also opined that Ramirez could perform full-time jobs that required her to keep her neck in a constant position. Dr. Nguyen also opined that Ramirez could frequently lift—and occasionally carry—up to five pounds. Dr. Jeffrey Bowman, Ramirez's podiatrist, opined that Ramirez could sit for only four hours per workday but could also walk for four hours, although she could not stand still or lift any weight.

The Commissioner observes that none of Ramirez's treating physicians opined that she was disabled. This fact may indeed inform an ALJ's decision. *See Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995); *Harper v. Sullivan*, 887 F.2d 92, 97 (5th Cir. 1989). In this case, however, the treating physicians' unanimous agreement that Ramirez cannot sit for six hours per workday is inconsistent with the ALJ's finding that Ramirez has the RFC to perform the full range of sedentary work.

The Commissioner also notes that Drs. Navid and Bowman concluded Ramirez's impairments would not last longer than six months and would improve with treatment, and even Dr. Nguyen concluded Ramirez's prognosis was fair to good and her conditions would improve once she lost weight. However, Ramirez has alleged a disability onset date of April 15, 2011, and none of Ramirez's treating physicians opined that by April 15, 2012, she was or would be able to sit for six hours per workday. Therefore, unless the ALJ were to find that Ramirez's severe impairments began after April 15, 2011 or otherwise lasted or would last for less than twelve months—a finding that she did not make—the opinions of Ramirez's treating physicians could not support

the ALJ's RFC determination. As of May 2012, Ramirez's treating physicians had agreed that she lacked the ability to sit for six hours per workday.

Thus, to support her finding that Ramirez had the RFC to perform the full range of sedentary work, the ALJ would have to disregard some of the opinions of Ramirez's treating physicians, not simply accord them less than controlling weight. The ALJ did not state that she disregarded the opinions of Ramirez's treating physicians, much less show good cause for doing so. Therefore, the ALJ's decision does not comport with proper legal standards. We are not prepared to say whether the ALJ erred in her ultimate conclusion that Ramirez is not disabled. Even if Ramirez is unable to sit for six hours each workday, perhaps she still has the RFC to perform a significant subset of sedentary work that can accommodate her impairments. That is not for us to determine, at least not today. Rather, on remand, the ALJ should state whether she in fact gives any weight to the opinions of Ramirez's treating physicians regarding Ramirez's capacity to sit for prolonged durations, where all concluded that she could not sit for six hours per workday. If the ALJ gives weight to their opinions on this issue and finds that Ramirez lacks the ability to sit for six hours per workday, she should consider whether Ramirez is nonetheless able to engage in any substantial gainful activity. If, on the other hand, the ALJ does not credit the opinions of Ramirez's treating physicians on this issue and finds that Ramirez has the RFC to perform the full range of sedentary work as defined by 20 C.F.R. §§ 404.1567(a) and 416.967(a), she should explain her reasons for disregarding the opinions of the treating physicians.

## V.

Because the final administrative decision to deny Ramirez's application for supplemental security income benefits does not comport with proper legal standards, we REVERSE the judgment of the district court and remand the

No. 14-20563

case with instructions that it be remanded to the Commissioner for further proceedings consistent with this opinion.