# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-31291
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 11, 2015

Lyle W. Cayce
Clerk

CHRISTOPHER GEORGE TAYLOR,

> Plaintiff - Appellant

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL
SECURITY,

> Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CV-1756

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Christopher Taylor sought judicial review of the Social Security
Administration's denial of his application for disability benefits. A magistrate
judge recommended affirming the agency decision, and the district court
adopted that recommendation. Taylor contends that the district court's ruling
was premature because the magistrate's report was mailed to him three days

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-31291

late and stated that he would have fourteen business days, rather than the normal fourteen calendar days, to file an objection. But Taylor's objections would have been untimely by 79 days even if the district court had known about the late mailing and used business days to determine the deadline. We therefore find no due process violation that would render the district court's judgement void.

Taylor filed this case in response to an administrative denial of disability benefits under Titles II and XVI of the Social Security Act. The district court referred the case to a magistrate judge. On April 28, 2014, the magistrate judge issued a report and recommendation (R&R) that recommended upholding the denial of benefits. The R&R warned:

> A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED HIS REPORT WITHIN fourteen(14) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUND OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

ROA 1004. On May 15, 2014, having received no objections, the district court adopted the R&R.

Taylor did not file any objections to the R&R until almost three months later, on August 8, 2014. That same day, he also filed a motion to vacate the district court's judgment as based on either a clerical mistake or void pursuant to Federal Rules of Civil Procedure 60(b)(1) and (b)(4). Taylor claims that the R&R was not mailed until May 1, 2014, so that is the date on which the fourteen day clock should have started running.[1] *See* 28 U.S.C. § 636(b); Fed.

---

[1] The district court accepted Taylor's factual allegations as true, and we will do the same because it does not affect the disposition of this appeal.

No. 14-31291

R. Civ. P. 5(b)(2)(C). Because the R&R specified the district court's ruling could come after 14 "business days," Taylor contended that he should have had until at least May 21, 2014 to file his objections.

The district court denied Taylor's motions, concluding that the judgment was not void and relief was unwarranted because of the lengthy gap between the judgment and his objections. In doing so, it noted that "[t]his court routinely grants reasonable extensions of time in which to file objections and this case is no exception. However, we find that the delay evident in the record is beyond what may be considered reasonable, particularly since no extension is sought." ROA 1062. Taylor appeals the denial of his Rule 60(b)(4) motion.

Rule 60(b)(4) permits a party to seek relief from a final judgment that is void. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 142–43 (5th Cir. 1996); *see generally* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2862 (3d ed. 2015) (summarizing void judgments under Rule 60(b)(4)). Declaring a final judgment void is an "extraordinary remedy." *See Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998). A "judgment 'is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Brown*, 84 F.3d at 143 (quoting *Williams v. New Orleans Pub. Serv., Inc.*, 728 F.2d 730, 735 (5th Cir. 1984)). Taylor does not dispute the district court's jurisdiction, but contends that the district court violated his due process rights when it adopted the magistrate judge's recommendation before the time had elapsed for filing objections.

Taylor has identified an inconsistency between the practices of the magistrate judge and district court. Whereas the magistrate judge set forth the deadline in business days, the district court apparently counted in calendar days as the statute permits. 28 U.S.C. § 636; Fed. R. Civ. P. 6(a). This disconnect could result in a situation in which a party files an objection that is

3

timely under the magistrate judge's warning but late under the statute's calendar-day approach that the district court used.[2]

But that is not the situation in this case, so there is no basis for finding that the judgment is void. For a judgment to be void, not only must the procedural deviation rise to the level of a "fundamental infirmity," but the resulting judgment must also be "affected by" that infirmity. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010); *cf. Kreimerman v. Casa Veerkamp SA de CV*, 22 F.3d 634, 646–47 (5th Cir. 1994) (observing that premature adoption of a report and recommendation is usually subject to harmless error review). Even if the district court had waited the extra six days Taylor contends it should have, it would not have received any objections from Taylor to consider. *Compare Brown*, 84 F.3d at 143 (vacating a judgment under Rule 60(b)(4) because "[w]ithout notice of an impending grant of summary judgment, a defendant has no opportunity to be heard"); *Collins v. Stalder*, 335 F. App'x 450, 453 (5th Cir. 2009) (reversing a judgment because the defendant was never served with the report and recommendation prior to the district court adopting it). Because Taylor waited nearly three months to file his objections, any error in adopting the recommendation six days early did not "affect[]" the judgment. *See Espinosa*, 559 U.S. at 270. Moreover, Taylor failed to make any contact with the court, which could have included pointing out the late mailing or requesting an extension, during those six days or even shortly thereafter. As the district court pointed out, doing so would have likely resolved the timeliness issue and allowed for consideration of the merits of Taylor's objections. *See, e.g.*, *Younce v. Barnhart*, 98 F. App'x 305, 306 (5th Cir. 2004) (pointing out that a district court may consider late-filed objections);

---

[2] For example, even if the R&R was mailed the same day it issued (April 28, 2014), the district court still would have adopted it after only 13 business days.

No. 14-31291

*Kreimerman*, 22 F.3d at 646–47 (5th Cir. 1994) (pointing out that motions for reconsideration protect the litigant from hasty adoption of a recommendation).

For these reasons, the district court's judgment is not void and is AFFIRMED.